## GILMAN v. KESTRAL CORPORATION.

### Civ. A. No. 7988.

United States District Court
D. Massachusetts.

Sept. 22, 1949.

Benjamin D. Novak, Springfield, Mass., Maxwell James, New York City, Bernard S. Franklin, New York City, for plaintiff.

Hector M. Holmes, Boston, Mass., Robert P. Harvey, Springfield, Mass., Ralph W. Crowell, Springfield, Mass., Thomas V. Moriarty, Springfield, Mass., for defendant.

SWEENEY, Chief Judge.

The plaintiff is the owner of United States Patent No. 2,449,935 issued on September 21, 1948 and, as such, brings this action against the defendant charging infringement, seeking damages therefor, and an injunction against further infringement. The defendant denies infringment and asserts the invalidity of the patent and, in a counterclaim, seeks a declaratory judgment to the effect that the patent is invalid for want of invention.

### Findings of Fact

The defendant's device does not differ radically from the plaintiff's, and I do not doubt seriously that a charge of infringement properly lies if the plaintiff's patent is valid. We therefore address ourselves entirely to the question of the validity of the plaintiff's patent. The patent covers a football dummy which could be made in many sizes, the smaller ones for children to play with and the larger ones for mature football players to use. Its principal utility lies in the fact that children can use it as though it were a regulation football dummy, but without injuring themselves because it is light and resilient. The article covered by the patent consists of a self-erecting dummy, which is of relatively large size and light weight. It is a hollow, inflated, resilient figure with a weighted bottom which, when the figure is set upon the ground, tends to keep it erect and, when knocked over, tends to bring it again to an erect position. The claims which are in suit, Nos. 1, 3, and 4, when analyzed cover four elements: (1) the body portion or outer surface of the article is made of inflatable material; (2) the article is "frustro-conical" in shape, that is, in the shape of a cone with its pointed top cut off; (3) the article has a rounded base, and (4) the base of the article has a non-rigid container attached to the interior of the bottom into which sand, or some other weighty material, may be introduced.

This device is a new, ingenious and practical improvement on the idea of a self-erecting football dummy for which plaintiff received United States Patent No. 2,237,599 on April 8, 1941. That patent covers a dummy with canvas body walls, a ballast container in its base from which the ballast can be removed, and a removable, inflatable bladder to be contained within the canvas body walls. However, the

mechanical means or instrumentalities for carrying into effect plaintiff's idea of an advance on his prior patent are not new nor are they the result of invention.

This advance consists in rounding the bottom of the dummy, eliminating the canvas walls, and extending the bladder to cover the entire device, and fastening a flexible ballast container as a weight in the bottom to the inside of the bladder. As early as 1915 a catalog of F. A. O. Schwartz, one of the largest toy sales companies, contained a description of a self-erecting doll, called a "rolypoly", with a rounded bottom. Beach balls and water toys composed entirely of an inflatable bladder had been in conspicuous production and use for more than a year prior to the date plaintiff filed the patent claims in suit, December 10, 1947. Furthermore, during the war the defendant was engaged in manufacturing a device for distilling fresh from salt water. This device was made entirely of a vinylite plastic bladder which floated in the water and which was kept erect by water ballast in its base. Patent No. 1,677,450 to Max Wilhelm Iden, on July 17, 1928, discloses the use of a flexible ballast container as a weight to make an inflatable device self-erecting. Therefore, the only new mechanical expedient to which plaintiff resorted was to secure the weight to the inside of the bottom of the bladder.

It is elementary that however new and useful, or even revolutionary and beneficial, an idea may be, it is not in and of itself patentable. Loew's Drive-In Theatres, Inc. v. Park-In Theatres, Inc., 1 Cir., 174 F.2d 547; Rubber Tip Pencil Co. v. Howard, 20 Wall. 498, 507, 22 L.Ed. 410. The real problem involved was not a mechanical problem at all but consisted of so positioning the weight in the bladder as to produce a self-erecting device. The technique by which this was done was well known to the defendant and others long before the plaintiff found occasion to use it. It is impossible to dignify the obvious application of this technique to this problem with the name invention. Hence, I find as a fact that there was no invention in the plaintiff's patent.

## Conclusions of Law

From the foregoing I conclude and rule that claims 1, 3, and 4 of the plaintiff's patent are invalid for want of invention and that his action is to be dismissed.

I conclude and rule that the defendant is entitled to a judgment declaring claims 1, 3, and 4 of the said patent to be invalid for want of invention.